## LADD *v.* HARVEY *&* a.

Where property is given to a woman, with a limitation over by way of executory devise, the devisee has an interest which cannot be taken away by her act.

Nor can her husband, by his marriage with her, defeat the interest of the devisee, who is entitled to a decree against any person into whose possession the property may come.

Where personal property is limited over after the decease of the first taker, a married woman, she cannot, after she receives the property, defeat the interest of an executory devisee over, by any change in the securities for the property, or any substitution of one debt for another.

Nor can her husband defeat the interest of the devisee by lending the money and taking therefor a note payable to himself, nor can his wife give him such power by bequeathing the property to him.

The executory devisee is entitled to a decree against any person who has interfered with his rights, and aided in diverting the money from him, although such person may have done no wilful wrong.

All persons who are interested in the question and controversy, should be made parties to a suit in equity.

Where a husband undertakes to dispose of property in which his wife has a life estate, to the injury of a person to whom the estate is limited after her death, it is the duty of the persons who receive the property from the husband to inquire and ascertain the extent of his rights.

IN EQUITY. The bill was brought by Nathaniel Ladd against Daniel W. Ladd executor of the will of Lydia Watson, Matthew J. Harvey executor of the will of L. W. Harvey, Dudley L. Harvey, Nathaniel G. Harvey and William Plumer.

On the 15th day of November, 1839, Lydia Watson, who died on the 17th day of April, 1847, devised to Louisa L. Ladd, " of my household stuff and furniture, such as she may choose, to the amount of two hundred dollars, and also two thousand dollars to be paid her by Daniel W. Ladd, Esquire, out of his own estate, in one year after my decease; also all the rest or remainder of my estate." The will then contained the following clause: " It is my will and intention that the foregoing devise and bequests shall hold to her

the said Louisa, and her heirs forever, in case she should leave, at the time of her decease, a living child or children, born of her body, but otherwise, that it should revert to her father, Nathaniel Ladd, to hold to him, his heirs and assigns forever." Of this will Daniel W. Ladd was made the executor.

On the 23d day of December, 1840, Louisa L. Ladd, the daughter of the orator, married Nathaniel G. Harvey, one of the respondents. On the 13th day of June, 1847, Louisa selected a portion of the household stuff and furniture mentioned in the will, to the amount of two hundred dollars, and received it from the executor, and also received of him other property belonging to the estate, of the value of $180,68, according to the provision in the will. On the 16th day of December, 1847, she received of him the sum of $2000, according to the will, and on the same day lent $1000 of it to William Plumer, one of the respondents, taking therefor his note, payable to her or her order on demand with interest. As a part of this sum of $2000 she received of the executor a promissory note, made by one Dudley Freeze, for $640, which was afterwards paid, and the money is now in the hands of Nathaniel G. Harvey, or of Matthew J. Harvey, or in some place unknown to the orator, but known to the respondents.

On the 17th day of May, 1848, Louisa, being sick, was induced by her husband, Nathaniel G. Harvey, to exchange Plumer's note to her for another note for the sum of $1020,83, payable to Nathaniel G. Harvey, or his order. On the same day, she devised by will all her property to her husband, and made Matthew J. Harvey her executor. She died in May, and in June her will was proved by her executor, who thereupon received property to a large amount bequeathed to her by the will of Lydia Watson.

On the 3d day of June, 1848, Nathaniel G. Harvey procured Plumer to exchange the last mentioned note for another note for the same sum, payable to Dudley L. Harvey,

a brother of Nathaniel, who received the note, intending to put it beyond the control of the orator, and held it in trust for Nathaniel, knowing that the orator claimed it as his property. Before and after the death of Louisa, Nathaniel made sundry collections of money and exchanges of the securities given to Louisa by the executor, which are unknown to the orator. Louisa did not leave, at her decease, any living child born of her body, and did not exhaust, spend or consume any part of the sum of $2000 before mentioned.

The personal estate of Lydia Watson, included in the inventory filed on the 9th day of June, 1847, was appraised at the sum of $3,374,18, and there was at that time crockery ware and other household furniture in the hands of Nathaniel G. Harvey, not included in the inventory, nor accounted for by the executor, which belongs to the orator, being the remainder of the " household stuff and furniture " bequeathed to him by the will of Lydia Watson. Daniel W. Ladd, the executor, also holds money, stocks and other property bequeathed to Louisa by Mrs. Watson, but which, by Louisa's death, without children, now belongs to the orator.

On the 29th day of November, 1848, the orator demanded of Daniel W. Ladd the property in his possession, and also requested Plumer to pay him the amount due on the note to Dudley L. Harvey. On the 28th day of November he requested Matthew J. Harvey to deliver to him the property in his hands and derived, by Louisa, from the estate of Mrs. Watson, and the property in his hands belonging to Mrs. Watson at her decease, consisting of crockery ware and other household furniture. He also demanded of Dudley L. Harvey the note of William Plumer, and any money he had received thereon, and all the property he had received belonging to the estate of Louisa or of Mrs. Watson.

The bill prays for an account of the property in the hands of Nathaniel, not inventoried by Daniel W. Ladd, the executor, as part of the estate of Mrs. Watson ; also of the

property in the hands of the executor, bequeathed to Louisa, by Mrs. Watson, but never paid to her or her executor, and that it may be decreed to be delivered to the orator.  It also prays a decree that the orator is entitled to the personal estate bequeathed by Mrs. Watson to Louisa, and also the real estate devised to her, and that the will of Louisa, so far as it purports to dispose of the property, by her received under Mrs. Watson's will, may be decreed to be void, and that the defendants may be enjoined from further changing the securities, or disposing of the money or other property claimed by the orator.

The answers of Daniel W. Ladd, the executor of Mrs. Watson and of Nathaniel G. Harvey, are stated in the case of *Ladd* v. *Harvey*, 1 Foster's Rep. 518–519.  But it is not material further to refer to them at present.

A master was appointed to take an account, according to the prayer of the bill, and he made a report, which was submitted to the court.

*Emery*, for the orator.

*Marston*, for the defendants.

I.  The following sums, charged by the master against N. G. Harvey, ought not to be allowed:

Money paid for physician's bill,................... $22,00
Money to pay assessment on stock in the Portsmouth
   and Concord Railroad,........................  20,00
Money to pay for lumber,........................   6,00
Money, furnished by Louisa L. W. Harvey, to pay a
   debt,........................................  40,00
                                                 ───────
                                                  88,00

These said sums were appropriated by the said Louisa in her life time; they were expenditures which she had a right to make.  The complainant is to be regarded as con-

senting to these appropriations, because he told the said Louisa that he had no claim to the personal estate, and he is, therefore, estopped to claim to have those sums refunded.

II. The complainant is not entitled to receive interest prior to the date of his demand, December 29, 1848. He made no claim until that time, and said he had none. Prior to the death of the said Louisa, the complainant can, of course, receive no interest. She was entitled to the use of the money, certainly, and might dispose of the interest to whom she pleased.

III. N. G. Harvey cannot be charged with the furniture, as the complainant contends he should. That is specific property.

No one can be charged for its value unless there has been a conversion by any one. And, for aught that appears, it now remains where the said Louisa left it.

IV. As to the $1,000, loaned to Plumer, that is not to be treated as specific property, but as a representative of value, as money; the bequest in Mrs. Watson's will was not a specific, but a general one of $2,000 to the said Louisa.

The notes of Plumer and the notes of D. L. Harvey were negotiable notes, and are entitled to all the privileges and immunities of negotiable notes in any case.

The said Louisa had a right to the possession, the control and the use of the money, a right to loan and to collect it, to take the securities in her own or her husband's name. After her death, her husband, to whom the note was payable, had the power to negotiate and collect it, and Plumer was bound to pay it.

The transaction between Plumer, Dudley and Nathaniel G. Harvey was simply a loan, by Dudley to Plumer, of $1,000, and the payment by Plumer of his note to Nathaniel G. Harvey.

The notes were given because Dudley had not the cash.

Plumer paid his note to Louisa, by giving his note to Nathaniel G. Harvey, and he paid it by substituting another to Dudley for it. These were payments, because all parties so understood and intended the transactions.

V. Neither Plumer or Dudley had notice of Ladd's claim. The master not only does not find that they had, but, in effect, finds they have not.

They swear, in their answers, that they had not, and that must stand for truth, unless controlled by what is equivalent to two witnesses.

They also so swear before the master, and he finds that they were not contradicted. Vague rumor is not enough to put a party on inquiry. 1 Story Eq. § 400, a; *Rogers* v. *Jones*, 8 N. H. Rep. 264.

They would only have ascertained, by inquiry, that the plaintiffs claim nothing.

VI. The complainant is estopped to claim the $1,000 of Plumer or Dudley L. Harvey; he should look to Nathaniel G. Harvey, if any one.

If any one is to lose, it should be he. He saw this money paid to Louisa, and said nothing. He saw her husband dealing with it as their own, and he made no complaint and no claim to it. He also told Dudley L. Harvey the same. He made no claim for six months after Louisa's death, according to the testimony of Dudley L. Harvey.

No case for costs is made out against Plumer, Dudley L. Harvey, or Matthew J. Harvey, and they ought to be allowed to tax costs.

The defendants filed separate answers.

The answer of Matthew J. Harvey, the evidence and the report of the master, all show that he had nothing to do with the property which the plaintiff sought to recover, and that he knew nothing about it. No attempt was made to charge him, and there is no reason why he should not have his costs.

---
Ladd *v.* Harvey.
---

GILCHRIST, C. J.   The bill, in this case, prays for an account of the property in the hands of Nathaniel G. Harvey, not inventoried by Daniel W. Ladd, the executor of the property of Mrs. Watson, and of the property in his hands, bequeathed to Louisa by Mrs. Watson, but never delivered to her.

We have decided, in this case, that the limitation over to the orator, of the property given to Louisa, is valid by way of executory devise, and that he was entitled to it.   1 Foster's Rep. 514.

A master was appointed to take an account of the property which is the subject of the bill, and his report is now before us.

The orator had an interest in the property limited over to him, which could not be taken away by the act of Louisa, nor could her husband, by his marriage with her, deprive the orator of any rights given by the will.   If the property is in the hands of any one of the respondents, the orator is entitled to a decree against him therefor.

The will gave Louisa two hundred dollars in personal property, and two thousand dollars, to be paid her by Daniel W. Ladd, the executor of Mrs. Watson.   She received the personal property and $180,68 under the residuary clause, and on the 16th of December she received the two thousand dollars.

The master reports that there was in the hands of Nathaniel G. Harvey, at the decease of his wife Louisa, property to the amount of.............................$870,92
That he should be charged with the money lent
  Plumer,.................................1,303,08
                                         ──────────
                                         2,174,00

unless this latter sum should be charged to Plumer or Dudley L. Harvey.

A part of the household property bequeathed to Louisa

was in the hands of Nathaniel G. Harvey, at her decease, but how much does not appear.

On the 16th day of December, 1847, Daniel W. Ladd, the executor of Mrs. Watson, paid to Mrs. Harvey one thousand dollars, which she then lent to Plumer, who gave her his note for it. On the 17th of May, 1848, Plumer gave his note to Nathaniel G. Harvey for that sum, and the interest, $1,020,83, and on that day she made her will, giving all her property to her husband, Nathaniel G. Harvey. She died on the 26th of May, 1848.

On the 2d of June, 1848, Nathaniel G. Harvey demanded payment of the note of Plumer. Dudley L. Harvey then gave Nathaniel G. Harvey his two notes for five hundred dollars each, and $20,83 in money. Nathaniel G. Harvey gave up to Plumer his note, and Plumer gave his note to Dudley L. Harvey for $1,020,83. Soon after Dudley L. Harvey took up his notes, and gave Nathaniel G. Harvey therefor a note of B. Goodrich for eight hundred dollars, and two notes of Blake for one hundred dollars each. In September, 1848, Dudley L. Harvey took up these last notes, and paid Nathaniel G. Harvey nine hundred and thirty-two dollars, and gave his note for seventy dollars, which he has paid since this suit was brought. Dudley L. Harvey still holds Plumer's note for $1,020,83, which is unpaid.

There should be a decree against Daniel W. Ladd for $1,036,63, which he holds as executor of Mrs. Watson, and which, by her will, was given to Louisa, with a limitation over to the orator. This sum is included in the residuary clause of Mrs. Watson's will,.................$1,036,63
Against Nathaniel G. Harvey, according to the re-
port of the master, there should be a decree for    870,92
The sum lent to Plumer amounts, with interest, to  1,303,08

When this money was lent to Plumer, it was a debt due, both in form and substance, to Louisa. After her death it belonged to the orator, and she could not dispose of it by

will, in violation of his rights. Her husband, Nathaniel G. Harvey, acquired no right to any thing but the use of it, in consequence of the marriage. Persons who had no right to interfere with it, have undertaken to control it; and as Nathaniel G. Harvey has absconded, the question seems to be whether the orator shall lose the money, he having been in no fault, or whether Dudley L. Harvey shall lose it, who has, from some motive, interfered and aided in diverting the money from the orator.

Before May, 1848, when Louisa died, Dudley L. Harvey knew that she received money from Mrs. Watson's estate, under her will, and that there was some dispute about it, between the orator and Nathaniel G. Harvey, and that the orator asserted a right to it, and that his brother, Nathaniel G. Harvey, had little property before his marriage.

It is apparent that Plumer has never paid the note he gave to Mrs. Harvey. There has been merely a substitution for it of his note to Dudley L. Harvey. The debt still remains due. As the interference of Nathaniel G. Harvey was unauthorized, ought it to be paid to him, or should Plumer be decreed to pay it to the orator?

It is said by Lord *Lyndhurst*, in *Small* v. *Atwood*, Younge 458, that all persons who are interested in the *question* should be made parties to a suit in equity. It is an object of a court of equity to provide for the rights of all persons whose interests are immediately connected with it. It is important here for Plumer to know to whom he may pay his note. He has an interest in the object of the suit, which is to enable the legatee to get his legacy, as he holds the subject-matter of it in his hands. It would seem, therefore, that, in a proper case, a decree might be made that he should pay the note to the orator.

Dudley L. Harvey has an interest, for he took the note from Plumer, and advanced the money to Nathaniel G. Harvey. Knowing what he did, he should have inquired and ascertained what were the rights of Nathaniel G. Har-

vey. In the case of *Hill* v. *Simpson*, 7 Vesey 152, where executors applied part of the testator's assets as a pledge in payment of their own debts, a decree was made against the persons with whom the assets were deposited. The court held that they had been negligent; "that if they had looked at the will, they would have seen that he had no right to assign the stock until certain claims were satisfied. Common prudence required that they should look at the will, and not take the debtor's word as to his rights under it. If they neglect that and take the chance of his speaking the truth, they must incur the hazard of his falsehood. It was gross negligence not to look at the will."

The decree should prohibit Dudley L. Harvey from negotiating or disposing of the note. Should it not be delivered to the clerk, as a receiver, for the benefit of the orator?

Plumer should be decreed to pay the amount due on the note to the orator, and on evidence of that, the clerk should deliver Plumer the note.

The furniture remained in the hands of Nathaniel G. Harvey, at the death of his wife, which the master finds to be of the value of two hundred dollars.

Plumer should be charged with the amount of the note. He has never paid the note.

Nathaniel G. Harvey could have made it certain how much was the value of the property in his hands at the death of his wife; and as he might have done so and did not, he should be charged with the full value of two hundred dollars.

We shall direct the following decree to be entered up:

Upon the report of Albert R. Hatch, Esquire, the master in chancery in this case, being submitted to the court, and after hearing the arguments of the counsel, it is adjudged and decreed by the court,

That Nathaniel G. Harvey is chargeable with, and that he pay to the orator the sum of $870,92, being the amount of certain securities and money in his hands at the decease

of his wife, Louisa, and the interest thereon from the 28th day of December, 1848.

Also, with so much of the household property as remained in his possession at the decease of his wife, and which was bequeathed to her by the will, after the decease of Mrs. Louisa Harvey, being the property of the orator, and that he deliver the same to the orator.

That Daniel W. Ladd, the executor of the will of Mrs. Watson, pay to the orator the sum of $1,036,63, being the balance in his hands upon the rendition of his second account, this sum being included in the residuary clause of Mrs. Watson's will, and after the decease of Mrs. Louisa Harvey, being the property of the orator.

That Dudley L. Harvey be charged with the sum of $1,023,83, with interest thereon, at the rate of five per cent., from the second day of June, 1848, being the amount due him on William Plumer's note, and that he be further decreed to deposit said note with the clerk of this court.

That William Plumer be decreed to pay the sum due on said note to the clerk, who shall thereupon pay the same to the orator, taking his discharge therefor, and the clerk shall then deliver the note to the said Plumer.

And it is further decreed that the payment of the amount due on said note by Plumer, shall discharge him from all liability on the note, and shall also discharge Dudley L. Harvey from the liability imposed on him by this decree.

It is also decreed that costs be taxed for the orator against Nathaniel G. Harvey and Dudley L. Harvey, but not against Daniel W. Ladd or William Plumer, and that they recover no costs.